THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PHUONG H. NGUYEN, aka "LJ," <br><br> Defendant. | CASE NO. CR15-0120-JCC <br><br> ORDER |

This matter comes before the Court on the Government's motion for entry of a final order of forfeiture (Dkt. No. 1221). The motion concerns the following property:

1. One Walther PP 7.65mm pistol, bearing Serial No. 357794; and
2. One Glock Model 22 .40 caliber pistol, bearing Serial No. SPV078.

Having considered the motion and the relevant record, the Court FINDS that forfeiture is appropriate for the following reasons:

1. On February 12, 2016, Defendant pled guilty to conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846, and to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), (Dkt. Nos. 372, 497);
2. In his plea agreement, Defendant agreed to forfeit his interest in any proceeds of and/or facilitating property for such violations, including the above-identified property, (Dkt. No. 497);

3. On May 24, 2016, the Court entered a preliminary order of forfeiture, finding the above-identified property forfeitable pursuant to 21 U.S.C. § 853, 18 U.S. § 924, and 28 U.S.C. § 2461(c), and forfeiting Defendant's interest in it, (Dkt. No. 738);

4. Thereafter, the Government published a notice of the pending forfeiture as required by 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6)(C), (Dkt. No. 773), and sent direct notice to two identified potential claimants as required by Federal Rule of Criminal Procedure 32.2(b)(6)(A), (Dkt. No. 1221-1 at 1–2, 4–9, 11–16); and

5. The time for filing third-party petitions for the above-identified property has expired and none were filed.

Given the Court's findings, the Court hereby GRANTS the Government's motion (Dkt. No. 1221) and ORDERS as follows:

1. No right, title, or interest in the above-identified property exists in any party other than the United States;

2. The property is fully and finally condemned and forfeited, in its entirety, to the United States; and

3. The United States Department of Justice and/or its representatives are authorized to dispose of the property in accordance with the law.

DATED this 14th day of August 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR15-0120-JCC
PAGE - 2