THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PHUONG H. NGUYEN,<br><br>　　　　　　Defendant. | CASE NO. CR15-0120-JCC-15<br><br>ORDER |

This matter comes before the Court on Phong H. Nguyen's motions for a reduction in sentence (Dkt. No. 1332) and for leave to file an overlength brief (Dkt. No. 1355). Having thoroughly considered the briefing and the relevant record, the Court hereby DENIES the motion for a sentence reduction and GRANTS the motion to file an overlength brief for the reasons explained herein.

I.　　BACKGROUND

　　　Mr. Nguyen is serving a 12-year sentence after pleading guilty to conspiracy to distribute controlled substances and being a felon in possession of a firearm. (Dkt. No. 740.) Mr. Nguyen admitted to being a redistributor and brokering drug transactions for a violent drug trafficking organization. (Dkt. No. 699 at 7.) This conduct followed a lengthy criminal history, which includes a jury conviction for first-degree robbery and burglary. (*Id.* at 9–13.) Mr. Nguyen received a 327-month sentence for that earlier conviction, which was reversed on speedy trial

grounds. (*Id.*) The Court, when sentencing Mr. Nguyen in 2016 for the instant conduct, determined that his offense level was 29 and his criminal history category was VI. (*Id.* at 17.) This resulted in a Guideline range of 151–188 months for the drug conspiracy offense and 120 months for the firearm offense. (Dkt. No. 700 at 1.) The Court sentenced him to 144 months' imprisonment and 120 months' imprisonment, respectively, for these offenses, to run concurrently. (Dkt. No. 740.)

In 2021, after serving approximately six years, Mr. Nguyen submitted an administrative request for compassionate release, which the Bureau of Prisons denied. (Dkt. No. 1322-1 at 7–8.) Following Mr. Nguyen's unsuccessful appeal of that decision, Mr. Nguyen filed this *pro se* motion (Dkt. No. 1332) seeking a reduction in sentence, which counsel later supplemented (Dkt. No. 1353). Mr. Nguyen's supplemented motion seeks a reduction in sentence based on a variety of grounds, including the harshness of his sentence and his interest in reuniting with his daughter. (Dkt. No. 1353 at 6–11.) Mr. Nguyen further argues that the Washington State Supreme Court's recent decision in *State v. Blake*, 481 P.3d 521 (Wash. 2021) creates an extraordinary and compelling reason warranting a reduction in sentence: That decision invalidated Washington's strict liability drug possession statute on constitutional grounds, and Mr. Nguyen's convictions under that statute increased his criminal history score and, accordingly, his guideline range, which would have been lower were he sentenced today. (*Id.*)

## II. DISCUSSION

### A. Motion for Sentence Reduction

Mr. Nguyen argues that a 144-month custodial term is unnecessary given his rehabilitation[1] and that the Court should reduce his sentence to time served. (Dkt. No. 1353 at 10.) The Court disagrees. Such a reduction would not reflect the seriousness of his offense or promote respect for the law. It would also result in sentencing disparities.

---

[1] He cites 300 hours of substance abuse treatment and 600 hours of educational courses in wellness and parenting he received while incarcerated. (Dkt. No. 1353 at 7–10.)

In analyzing whether to grant a reducton in sentence, the Court must consider whether the inmate has exhausted administrative remedies with the Bureau of Prisons, whether "extraordinary and compelling reasons warrant such a reduction," and whether a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[2] The Court must also consider "the factors set forth in § 3553(a) to the extent that they are applicable." *Id.* The inmate bears the burden of making this showing. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

It is undisputed that Mr. Nguyen has fully exhausted available administrative remedies. (*See generally* Dkt. Nos. 1353, 1354.) The parties dispute, at some length, whether *State v. Blake* constitutes an extraordinary and compelling reason warranting a reduction in sentence. (*See* Dkt. Nos. 1353 at 6–7, 1354 at 7–9, 1356 at 2–6.) However, the Court need not address this issue, as it appears clear that early release is not warranted in this instance based on the § 3553 factors.

According to § 3553, the sentence imposed for a crime should reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a). The Court should also consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need to avoid unwarranted sentence disparities. *Id.*

Here, Mr. Nguyen's instant offense was serious—he played a critical role in a large and violent drug trafficking conspiracy. A seven-year sentence would not reflect the seriousness of the offense. *See United States v. Heffington*, 476 F. Supp. 3d 1042, 1052 (E.D. Cal. 2020). Nor would it promote respect for the law or provide a just punishment. This is particularly true in this instance, where the reversal on speedy-trial grounds of a prior conviction means that Mr. Nguyen has already received what was essentially a get-out-of-jail-free card for a very serious crime—a

---

[2] While the Ninth Circuit has held that the current version of the U.S. Sentencing Guidelines Manual is not applicable to motions for a reduction in sentence presented to a district court, the policy statement still may inform the Court's exercise of discretion. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

home invasion robbery where the victims were tied up and threatened at gunpoint. (*See* Dkt. No. 699 at 13.) Yet he resumed criminal conduct. The Court is concerned that a sentence reduction would only reinforce the notion that serious conduct lacks serious consequences

The Court notes that Mr. Nguyen's co-defendant, Phuong A. Nguyen, is also serving a 12-year sentence. (*See* Dkt. Noss. 606 at 4–5, 724 at 3–4, 619 at 1.) If anything, Mr. Nguyen's role was *more* significant than that of his co-defendant. (*Id.*) Mr. Nguyen brokered transactions involving larger quantities of controlled substances. (*Id.*) Therefore, a reduction in sentence would create a disparity.

In sum, the Court finds that a sentence reduction is not warranted in this instance. This is based on the seriousness of Mr. Nguyen's offense, his history, and the need to avoid unwarranted sentence disparities.

### B. Motion to File Over-Length Brief

Mr. Nguyen also moves for leave to file an overlength reply brief (Dkt. No. 1355). The Government does not oppose the motion and the Court finds good cause for granting it, given the nature of the matters briefed.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Nguyen's motion for a reduction in sentence (Dkt. Nos. 1332) and GRANTS his motion for leave to file an overlength brief (Dkt. No. 1355).

DATED this 22nd day of February 2022.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE